## Baldwin's Appeal.  No. 2

*Bryan* and *Evans*, for appellants.

*E. M. Murphy* and *J. S. Jiuliante*, for the City of Erie.

COPELAND, P. J., tenth judicial district, specially presiding, April 28, 1933.— On December 5, 1932, at the above number and term, Isaac W. Baldwin presented his petition, requesting leave to appeal from certain assessments of real estate situate in the City of Erie.

The first paragraph of the petition sets forth that petitioner is the owner of real estate in the fourth ward of the city and that certain real estate, which is particularly described in exhibits attached to the petition, was assessed by the city assessor in 1932 at the amount set forth in said exhibits; that the petitioner appealed from the assessment to the board of revision of taxes and appeals of the city, which board, after due hearing notified the petitioner on November 2, 1932, that it would not change the assessment made by the assessor. All these allegations are admitted in an answer filed by the city.

The second paragraph of the petition complains that the assessment, "having due regard to the valuation and assessment made upon other real estate in the said city, is unjust, inequitable, and excessive, and not uniform with relation to the assessment of other properties." These allegations are denied by the answer filed. This raises a fair issue of fact which should be determined by the court after full hearing. We note that upon each petition there is an endorsement as follows: "December 5, 1932, appeal allowed. Per Curiam, H."

We understand that the properties assessed are improvements, that is, new houses and garages built during the year 1932, which have not heretofore been assessed. We also understand that the city of Erie contends that the appeals were not taken in proper time and for that reason should be dismissed. We do not agree with the city in this respect.

The Clark Act of June 27, 1913, P. L., 568, which controlled the assessment of property in third class cities, has been repealed and superseded by The Third Class City Law of June 23, 1931, P. L. 932. A portion of section 2506 of that act prescribes "Duties of Assessors in Other Than Triennial Years." Subsection (c) thereof prescribes one of such duties to be: "Add to the value of any real estate the value of any new building or other new improvements." Section 2507 provides that such assessment "shall not be considered final or conclusive without first giving to the person or party affected thereby, at least five days' notice of a time and place where such person or party may be heard by the assessor."

Section 2511 provides: "The assessor shall complete . . . the annual assessments in intervening years, on or before the first day of September in each year, or as soon thereafter as practicable." Section 2514 provides: "The council of each city shall constitute the board of revision of taxes and appeals, and the city clerk shall serve as clerk thereof."

Section 2517 provides that this board "shall hear and determine all appeals by taxpayers from the assessments made by the city assessor, at such time and place as it may prescribe", and section 2518 prescribes the notice to be given to the taxables. Section 2520 provides, inter alia, that this "board shall complete its labors, and the hearing and determination of all appeals, on or before the first day of December of each year, or as soon thereafter as practicable." Section 2521 gives the owner of any taxable property who may feel aggrieved the right to appeal from the decision of this board to the court of common pleas and "for that purpose, may present to said court, or file in the prothonotary's office, within sixty days after the board of revision of taxes and appeals have held the appeals provided for by law and acted on the said assessments and valuations, a petition signed by him, his agent, or attorney, setting forth the facts of the case." This section further prescribes the duties of the court, namely, to hear the appeal and the proofs in the case.

The petition alleges that after due hearing the petitioner was notified on November 2, 1932, that said assessment would not be changed. This allegation is admitted by the answer. The act of assembly gives the property owner 60 days to appeal. The petition for the appeal was filed December 5, 1932, and allowed on that day. With this review of the act of assembly, together with the allegations set forth in the petition, which are admitted, we find that the appeal was taken within the proper time. We, accordingly, overrule that portion of the answer which prays that the appeal be dismissed, and make the following order:

And now, to wit: April 28, 1933, after argument of counsel and after due and careful consideration, that portion of the answer filed in the above stated case, praying that the appeal be dismissed, is overruled and said case is set for hearing on June 12, 1933, notice thereof to be given the board of revision of taxes and appeals, as required by law.     From Otto Herbst, Erie, Pa.